```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
REGINALD SWINTON,                                           :
                                                            :
                                          Petitioner,       :
                                                            :            12-CV-9051 (VSB) (FM)
                        -v-                                 :            15-CV-2812 (VSB) (FM)
                                                            :
STEVEN RACETTE, Superintendent,                             :            **MEMORANDUM AND OPINION**
                                                            :
                                          Respondent.       :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/20/2017

Appearances:

Reginald Swinton
Auburn, NY
*Pro se*

Thomas B. Litsky
Assistant Attorney General of Counsel
    *for Eric T. Schneiderman, Attorney General of the State of New York*
New York, NY
*Counsel for Respondent*

      VERNON S. BRODERICK, United States District Judge:

      Pro se Petitioner Reginald Swinton filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on December 11, 2012 ("Petition"). Before me is Magistrate Judge Maas's September 20, 2016 Report and Recommendation ("Report" or "R&R") recommending that the Petition be denied in full. (Doc. 48.) Petitioner filed written objections to the Report. (Docs. 56, 57.) I have reviewed the Report and find it to be thorough and accurate in all respects. For the reasons stated herein, I ADOPT the Report in its entirety, and the Petition is DENIED.

      The factual and procedural history is thoroughly set out in the Report, familiarity with which is assumed. Briefly, Petitioner was convicted following a jury trial in New York Supreme

Court, New York County of two counts of rape in the first degree, three counts of criminal sexual acts in the first degree, three counts of burglary in the second degree, and three counts of attempted robbery in the third degree. He was sentenced to an aggregate indeterminate term of 150 years to life. The conviction and sentence were affirmed on appeal. *See People v. Swinton*, 928 N.Y.S.2d 693 (2011).

## I. Legal Standards of Review

### A. *Review of Magistrate Judge's Report*

Reviewing a magistrate judge's report and recommendation, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). I review *de novo* the portions of the Report to which timely and specific written objections are made. *Id.*; Fed. R. Civ. P. 72(b)(3). "The objection must be specific and clearly aimed at particular findings in the R&R." *Bussey v. Rock*, No. 12-CV-8267 (NSR)(JCM), 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (internal quotation marks omitted). "Otherwise, the court will review the R&R strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.*

### B. *AEDPA*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court's factual findings are presumed correct unless the

2

Petitioner comes forward with clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

### C. *Pro Se Submissions*

"*Pro se* parties are generally accorded leniency when making objections." *Hill v. Miller*, No. 15 Civ. 6256 (KMW)(JCF), 2016 WL 7410715, at *1 (S.D.N.Y. Dec. 21, 2016) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)). "Nonetheless, even a *pro se* party's objections to a[n] [R & R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.*

## II. Discussion

Petitioner objects to each of Judge Maas's conclusions and recommendations, and repeats substantially the same arguments that Judge Maas considered and rejected. Specifically, he generally objects to the Report's conclusions that: (1) Petitioner's "weight of the evidence" argument is not a cognizable federal habeas claim, (Doc. 56-1 at 10-11); (2) there was sufficient evidence to support Petitioner's convictions, (*id.* at 11-14); (3) the trial court's jury instructions and evidentiary rulings do not warrant habeas relief, (*id.* at 14-24); (4) Petitioner's *Sandoval* claim fails, (*id.* at 24-28); (5) Petitioner's sentencing claims are not cognizable on federal habeas review, (*id.* at 28-31); (6) violation of the state speedy trial law is not cognizable on federal habeas review, (*id.* at 31-32, 34-36; Doc. 57 at 4-18); (7) there was no Sixth Amendment speedy trial violation, (Doc. 57 at 18-34); and (8) Petitioner's appellate counsel was not ineffective, (*id.* at 35-41).[1] Even on *de novo* review, as demonstrated below, all of these claims fail.

---

[1] Swinton also argues that Judge Maas erred in concluding that Swinton failed to exhaust certain claims. (Doc. 56-1 at 9, 32-34.) Petitioner appears to misunderstand the Report. Swinton cites to footnote 9 of the Report, in which Judge Maas explained that he was declining to address the Government's argument that certain claims were unexhausted. (*See* R&R 17 n.9 ("The Respondent contends that certain of Swinton's claims remain unexhausted

3

### A. *Weight of the Evidence*

First, as Judge Maas correctly concluded, "challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review." *Cardena v. Giambruno*, No. 03 CIV 3313 (RWS), 2004 WL 239722, at *4 (S.D.N.Y. Feb. 10, 2004). Petitioner's weight of the evidence argument is based on state law, for which federal habeas review is not available. *See Douglas v. Portuondo*, 232 F. Supp. 2d 106, 116 (S.D.N.Y. 2002). A jury's verdict only violates federal due process principles for lack of evidence where the evidence is insufficient to permit any rational juror to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

### B. *Sufficiency of the Evidence*

Swinton again asserts that there is insufficient evidence of his guilt with respect to the attack on AP. Swinton has not come forward with new or compelling arguments against the decisions of the Appellate Division and Judge Maas. Therefore, I concur with Judge Maas and the Appellate Division in their finding that there was clearly sufficient evidence from which a reasonable jury could conclude that Petitioner was guilty.

### C. *Jury Instructions*

Swinton argues that the trial court erred in allowing the jury to infer that Swinton had committed the attack on AP after finding that he committed other attacks sharing a similar modus operandi. The Appellate Division concluded that "[b]ecause the assailant's identity with respect to the third incident could not be independently established and because the assailant's conduct during all three incidents was so similar and distinctive, the trial court properly allowed

---

even after he pursued his *coram nobis* motion. I have not addressed those arguments because Section 2254 provides that a habeas court may *deny* a claim even if it has not been exhausted.").) In other words, contrary to Petitioner's belief, Judge Maas did not conclude that Swinton had failed to exhaust; instead, he addressed the claims on the merits.

the jury to consider the issue of defendant's identity as the perpetrator of the third incident through the use of the assailant's modus operandi." *Swinton*, 928 N.Y.S.2d at 695. I find no error in Judge Maas's analysis or conclusion that neither the instructions nor the admission of modus operandi evidence was "contrary to" or an "unreasonable application" of clearly-established federal law.

### D. *Sandoval Violation*

"'[I]t is well-settled that a petitioner's failure to testify at trial is fatal to any claims of constitutional deprivation arising out of a *Sandoval*-type ruling,' because 'absent such testimony, a court has no adequate non-speculative basis upon which to assess the merits of that claim.'" *Sorrentino v. Lavalley*, No. 12-CV-7668(VSB)(DF), 2016 WL 3460418, at *4 (S.D.N.Y. June 21, 2016) (quoting *Shannon v. Senkowski*, No. 00-CV-2865, 2000 WL 1683448, at *6 (S.D.N.Y. Nov. 9, 2000)). As Judge Maas explained, Petitioner chose not to testify at trial. Therefore, his *Sandoval* claim cannot be redressed on federal habeas review.

### E. *Sentence*

Petitioner repeats the arguments made before Judge Maas and the Appellate Division, namely that his sentence exceeded the fifty-year cap set forth in N.Y. Penal Law § 70.30(1)(e)(vi), and because it was excessive and unduly harsh. As the Report explains, § 70.30(1)(e)(vi) does not prohibit aggregate sentences of more than fifty years, *see Swinton*, 928 N.Y.S.2d at 696 (citing *People v. Moore*, 61 N.Y.2d 575, 578 (1984)), and, even if it did, Petitioner's persistent violent felony offender status renders the fifty-year cap in Section 70.30(1)(e)(vi) inapplicable, *see id.* (citing *Roballo v. Smith*, 63 N.Y.2d 485, 488-89 (1984)). (R&R 25-26.) Finally, the Report also correctly notes that the sentencing judge was "permitted to impose consecutive sentences for Swinton's convictions of Rape in the First Degree and

5

Burglary in the Second Degree as the 'crimes [were] committed through separate and distinct acts, even though part of a single transaction.'" (R&R 26 (quoting *People v. Salcedo*, 92 N.Y.2d 1019, 1021 (1998).) Because Petitioner's sentence is within the statutory range prescribed by state law, there is no federal constitutional issue properly presented for habeas review. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).

### F. *Speedy Trial*

With respect to Petitioner's claim that there was a speedy trial violation under Section 30.30, Judge Maas correctly points out that any state speedy trial law violation is not cognizable on federal habeas review. *See Smith v. LaClair*, No. 04 Civ. 4356(SAS), 2008 WL 728653, at *3 (S.D.N.Y. Mar. 17, 2008) ("It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violated the Constitution, laws, or treaties of the United States. . . . Because C.P.L. § 30.30 is merely a state law provision requiring the prosecution to be ready for trial, a § 30.30 claim does not raise a federal constitutional claim." (citations omitted)). With respect to Petitioner's argument that his Sixth Amendment right to a speedy trial was violated by a 22-month delay between the filing of the criminal complaint and the beginning of trial, I adopt Judge Maas's *Barker v. Wingo* analysis in its entirety. In particular, as noted in the Report, Petitioner's argument that the People were acting in bad faith is not supported by the record, and his allegations of prejudice suffered as a result of the delay are insufficient. (R&R 30-31.)

### G. *Ineffective Assistance of Appellate Counsel*

Petitioner fails to carry his heavy burden of establishing ineffective assistance of appellate counsel. In support of his speedy trial claims, Petitioner claims that his appellate counsel failed to move to correct the trial record to reflect his absence at the April 20, 2006

6

conference, resulting in delay attributable to the People.  However, as explained in the Report, even if Petitioner was not present at the conference, he was not prejudiced by failure to raise that omission because the record reflects that the time was properly excluded to allow for defense counsel's review of discovery materials.  (R&R 35-36.)

Petitioner argues that he was prejudiced by appellate counsel's failure to argue that trial counsel was ineffective for (1) failing to move for a severance of the offenses in the indictment, and (2) failing to argue that Petitioner should not have been deemed a persistent violent felony offender.  The Report accurately states that joinder of the counts was appropriate in this case, and therefore neither trial nor appellate counsel was ineffective for failing to argue the contrary, and prejudice did not result.  (R&R 43.)  In addition, as Judge Maas correctly held, Swinton's prior offenses "are unquestionably defined as felonies under New York law," and therefore counsel's failure to argue otherwise is also not a basis for claiming ineffective assistance.  (R&R 45-46.)

Finally, the argument that appellate counsel was ineffective for failing to argue that the trial court erred in denying Swinton's request for appointment of new counsel is likewise meritless.  As the Report explains, the trial court adequately addressed and did not err in denying Swinton's *pro se* request on the day of sentencing, and therefore his appellate counsel was not ineffective for failing to raise the issue.  (R&R 36-40.)

**III.     Conclusion**

For the reasons stated, I hereby ADOPT Judge Maas's Report and Recommendation, (Doc. 48), in its entirety.  Swinton's petition for a writ of habeas corpus is DENIED.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Petitioner and close the case.

SO ORDERED.

Dated:  June 20, 2017
       New York, New York

Vernon S. Broderick
United States District Judge